IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE DENNISON, | ) | |
| DEBORAH L. MOORE ELLSWORTH, | ) | |
| SONYA SHUMWAY, and | ) | |
| MARGARET O'BRIEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:12cv374 |
| | ) | **Electronic Filing** |
| THE YMCA OF GREATER | ) | |
| PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 24th day of August, 2015, upon due consideration of defendant's "motion for rule to show cause why liquidated damages should not be imposed on plaintiff Dennison for breach of confidential settlement agreement and general release" and the parties' submissions in conjunction therewith, IT IS ORDERED that [66] the motion be, and the same hereby is, denied for lack of jurisdiction. This order is without prejudice to defendant's right to pursue relief before a tribunal that has jurisdiction over the parties and the referenced "claim;" and

IT FURTHER IS ORDERED that [67] plaintiff's motion to strike for lack of subject matter jurisdiction be, and the same hereby is, granted.

In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), the Court held that after the dismissal of an action a district court lacks jurisdiction to enforce a settlement agreement unless (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction over the breach of settlement claim. Id. at 381–82. Kokkonen reflected the then

established law in this jurisdiction. See Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir.1993) ("a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute."). Where neither of the two avenues for enforcement of a settlement agreement are present, a district court is without jurisdiction to act and a motion seeking to enforce a settlement agreement that resulted in an unconditional order dismissing the original action must be denied. See Shaffer v. GTE North, Inc., 284 F.3d 500, 504 (3d Cir. 2002) (to meet the first precondition announced in Kokkonen an order must reflect a clear intention by the court to retain jurisdiction over the settlement); Nelson v. Pennsylvania, 125 F. App'x 380, *2 (3d Cir. 2005) (an order of dismissal terminates federal jurisdiction over the original lawsuit unless jurisdiction is retained in that order and "[a]n action to enforce the settlement then becomes a separate contract dispute, based on the agreement.") (citing O'Connor v. Colvin, 70 F.3d 350, 532 (9th Cir. 1995) and Shaffer v. Veneman, 325 F.3d 370, 373 (D.C. Cir. 2003)).

Plaintiff's alleged intent not to honor a provision of the settlement agreement does not change the nature of the relief defendant seeks: enforcement of a tenant of the settlement agreement. This is true regardless of when that intent was formed. And of course, such an intent does not become actionable in the form of seeking compensation until it is manifested through conduct that is in breach of the agreement.

To obtain relief in this court for such conduct defendant must either demonstrate that (1) this court retained jurisdiction to enforce the settlement agreement or (2) there is an independent basis for subject matter jurisdiction over the new claim brought into existence by the alleged wrongful conduct. It has not made a showing of either basis and thus this court is without jurisdiction to act. Consequently, defendant's motion must be dismissed without prejudice to

pursue relief before a tribunal that has jurisdiction over the parties and claim.

                                                                s/David Stewart Cercone
                                                                David Stewart Cercone
                                                                United States District Judge

cc:    Samuel J. Cordes, Esquire
       Christine T. Elzer, Esquire
       A. Patricia Diulus-Myers, Esquire
       Melissa L. Evans, Esquire

       (*Via CM/ECF Electronic Mail*)